**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTA DESOTO, Ph.D., a married woman,

Plaintiff-Appellant,

v.

GREGORY MCKAY, a married man,

Defendant-Appellee.

No. 16-17358

D.C. No. 2:16-cv-00996-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[**] District Judge.

Marta DeSoto appeals the district court's judgment dismissing her 42 U.S.C. § 1983 claim against Gregory McKay on grounds that McKay is entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and review de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Steven J. McAuliffe, United States District Judge for the District of New Hampshire, sitting by designation.

novo the district court's dismissal, *Price v. State of Hawaii*, 939 F.2d 702, 706 (9th Cir. 1991). We affirm the dismissal, albeit on different grounds than those upon which the district court relied. *See United States v. McClendon*, 713 F.3d 1211, 1218 (9th Cir. 2013) ("Our reasoning is different from that of the district court, but we may affirm on any basis supported by the record and do so here.").

DeSoto, a licensed psychologist, provided the Arizona Department of Child Safety ("DCS") with psychological consultation and evaluation services through a contract between DCS and her company. She claims her constitutionally protected right of intimate association was violated when, upon learning that she had married a convicted murderer, the Director of DCS, Gregory McKay, terminated her independent-contractor relationship. But, her first amended complaint alleges insufficient facts related to McKay's personal involvement in the decision to terminate her employment to plausibly state a claim for relief. *See, e.g., Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant"); *see also Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013) ("[T]here is no respondeat superior liability under § 1983. Rather, a government official may be held liable only for the official's own conduct.").

16-17358

DeSoto's first amended complaint does not, for example, allege that McKay signed the notice of termination. Nor does it allege that anyone told DeSoto that her marriage influenced the decision to terminate her contract, or that her marriage was something McKay considered when he (allegedly) decided to fire her. Nor does it allege that McKay was even aware that DeSoto was married; it certainly does not allege that McKay was aware that DeSoto was married to a convicted murderer.

The first amended complaint merely alleges: (1) temporal proximity between DeSoto's firing and a local news report about her marriage to a convicted murderer; (2) that someone other than McKay informed DeSoto that her employment had been terminated and explained that it was done "in the best interest of the State"; and (3) that DeSoto was "informed and believes" that McKay participated in, directed, and endorsed her firing (an inference she draws based upon his official-capacity status as director of DCS and the fact that his name appears on the letterhead of the department's formal notice of termination). Those meager factual allegations are insufficient to "nudg[e]" DeSoto's claims of unconstitutional discrimination "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557)).

Because we conclude that DeSoto's first amended complaint fails to adequately plead McKay's personal involvement in the alleged deprivation of DeSoto's constitutional rights, we affirm the district court's judgment of dismissal.  Accordingly, we need not address whether McKay would have been entitled to qualified immunity had DeSoto pled a viable constitutional claim.

**AFFIRMED.**